UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
KYLE SWABY

                        Plaintiff,                    No. 22-CV-9375

    -against-

                                                      COMPLAINT

ROBINHOOD FINANCIAL, LLC,
ROBINHOOD SECURITIES, LLC, and
ROBINHOOD MARKETS, INC.,                  Jury Demanded

                        Defendants.
_____x

## Introduction

1. Plaintiff Kyle Sawby ("Plaintiff"), by and through his attorney, Bromberg Law Office, P.C., against Defendants Robinhood Financial, LLC, Robinhood Securities, LLC, and Robinhood Markets, Inc. (collectively, "Robinhood" or "Robinhood Defendants"), pursuant to the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, and the rules and regulations thereunder, New York General Business Law § 349, and state common law, respectfully sets forth and alleges the following based upon information and belief:

## Parties

2. Plaintiff is a resident of Bronx, New York.

3. Robinhood is a registered trademark of Robinhood Markets, Inc., an online brokerage firm founded in 2013 that states it is a "pioneer in commission-free investing." The company possesses no storefront offices and operates entirely online.

1

Robinhood is a Financial Industry Regulatory Authority ("FINRA") - regulated broker-dealer.

4. Robinhood Financial, LLC is an institutional brokerage company organized under the laws of Delaware with corporate headquarters located at 85 Willow Road, Menlo Park, CA 94025.

5. Robinhood Securities, LLC is an institutional brokerage company organized under the laws of Delaware with corporate headquarters located at 85 Willow Road, Menlo Park, CA 94025.

6. Robinhood Markets, Inc. is an institutional brokerage company incorporated under the laws of Delaware with corporate headquarters located at 85 Willow Road, Menlo Park, CA 94025.

## Jurisdiction and Venue

7. This Court has jurisdiction over Plaintiff's claim pursuant to 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. This court has jurisdiction over Robinhood Defendants because Robinhood has at all times mentioned herein transacted online business in the County of New York and elsewhere within the State of New York. The violations of law described herein occurred in the County of New York.

9. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

10. Venue is also proper in this district because the interests of justice require maintenance of this action in this district.

## Facts

11. On November 1, 2021, Plaintiff was in his Bronx apartment when he received a notification from his Robinhood mobile app that two separate ATM withdrawals, both in the amount of $503, had been made from his account.

12. Plaintiff did not authorize these withdrawals and his Robinhood debt card had been in his possession at all times.

13. Plaintiff looked at the information available on his mobile app and it appeared that the two withdrawals, totaling $1,006, were made from a Wells Fargo bank branch located in Manhattan, at 2415 Broadway, New York, NY 10024, within minutes of one another at around 1 p.m. that day, November 1, 2021.

14. Within an hour after learning about the fraud, Plaintiff placed a request for customer service assistance via the mobile app and received a call back from Robinhood's customer service number.

15. During the call, Plaintiff reported the unauthorized withdrawals.

16. The Robinhood customer support representative Plaintiff spoke with informed Plaintiff that he should wait approximately two days until the status of

the withdrawals changed from "pending" to "submitted" in Robinhood's system, after which point he could file a claim.

17. Plaintiff believed it would be easy to resolve these unauthorized withdrawals because he was at home with his debit card at the time; the transactions were not made in his usual geographical area; and the transactions did not resemble his usual account usage.

18. On November 4, 2021, after the status of the unauthorized withdrawals changed from "pending" to "submitted" in his account, Plaintiff placed another request via the Robinhood mobile app to report the fraudulent withdrawals.

19. Plaintiff received a call back that day from a Robinhood customer service representative, and submitted a debit card fraud claim to dispute the two November 1, 2021 withdrawals.

20. Plaintiff received a confirmation email that day from Robinhood informing him that Robinhood's review team would proceed with investigating the unauthorized transactions, and would follow up with him via email.

21. Several days later, at Robinhood's request, Plaintiff responded to a questionnaire from a third-party service provider, Galileo Financial Technologies, Inc., that was apparently investigating his fraud claim on behalf of Robinhood.

22. In response to the question "where do you normally store your PIN? This info helps us determined how someone may have made the unauthorized transactions," Plaintiff replied, "in my head." In response to the question "Do you currently have your debit card?", Plaintiff responded, "Yes," because he not only had

4

his debit card in his possession at the time of completing the survey, he also had it with him at the time that the unauthorized withdrawals were made. Plaintiff also provided the additional information that he believed that whoever conducted the unauthorized withdrawals "breached/hacked your system and my account."

23. On November 11, 2021, Plaintiff received an email notification from Robinhood that his account had been subject to a data breach on November 3, 2021 and that his account information, including his name, may have been compromised.

24. On November 18, 2021, Plaintiff received two emails from Robinhood stating that Robinhood had denied his fraud claim and would not reimburse him for the withdrawn funds.

25. Plaintiff received separate emails denying his claim as to each of the two $503 charges made on November 1, 2021.

26. In each email, Robinhood's response stated, "Our processor investigated your claim and did not find sufficient evidence to conclude that an error occurred in your account. As a result of this finding, we will not be issuing any credit to your account."

27. Plaintiff sent Robinhood at least two emails requesting additional information about Robinhood's denial of his fraud claim.

28. Plaintiff eventually received 1) a transaction report for each of the two unauthorized withdrawals made on November 1, 2021; 2) a printout of what appears to be Plaintiff's own responses to Robinhood's questionnaire; and 3) a

blurry, barely legible document that appears to contain Plaintiff's transaction history for the time period surrounding the unauthorized withdrawals.

29.     Robinhood still has not reimbursed Plaintiff for the $1,006 fraudulently withdrawn from his account.

30.     The federal Electronic Fund Transfer Act of 1978 (EFTA), 15 U.S.C. § 1693 *et seq.*, provides "a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). Regulation E (Reg. E) is the set of federal regulations whose stated purpose is to carry out the purposes of the EFTA. 12 C.F.R. § 1005 *et seq.*

31.     The EFTA's primary purpose is "the provision of individual consumer rights." 15 U.S.C. § 1693(b).

32.     Under the EFTA, a financial institution must follow specific "error resolution" procedures after a consumer disputes an "error," which includes an unauthorized electronic fund transfer. 15 U.S.C. § 1693f(f)(1). The error resolution procedures require that a financial institution "investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days." 15 U.S.C. § 1693f(a)(3).

33.     If a financial institution denies a consumer's claim of error, it must explain its findings and, upon the consumer's request, provide the consumer with copies of the documents it relied upon in its investigation to conclude that an error did not occur. 15 U.S.C. § 1693f(d); 12 C.F.R. § 1005.11(d).

34. Upon information and belief, banks routinely violate the EFTA and Regulation E by imposing liability on customers, particularly lower-income customers, by claiming or implying that customers are responsible for the disputed transactions.

35. A consumer may recover actual damages, plus an additional sum in the $100-$1,000 range, the costs of the action, and a reasonable attorney's fee, for a bank's violations of the EFTA. 15 U.S.C. § 1693m(a)(1)-(3).

36. A court may award treble damages if it finds that a financial institution "did not make a good faith investigation of the alleged error," "did not have a reasonable basis for believing that the consumer's account was not in error", or "knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation." 15 U.S.C. § 1693f(e).

### FIRST CLAIM FOR RELIEF
(Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq.)

37. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

38. This claim arises under the Electronic Fund Transfer Act (EFTA) and Regulation E because it relates to fraudulent and unauthorized electronic fund transfers.

39. The ways in which Robinhood violated the EFTA and Regulation E include but are not limited to the following:

   a. Failing to limit Plaintiffs' liability for the fraudulent and unauthorized electronic fund transfers in accordance with the EFTA and Regulation E;

   b. Failing to conduct a good-faith investigation after Plaintiff notified Robinhood of the fraudulent withdrawals;

   c. Failing to provide Plaintiff, within three business days after the conclusion of the Robinhood's investigation, with an explanation of Robinhood's findings; and

   d. Failing to provide Plaintiff with copies of documentation that Robinhood relied on to reach its determination that the funds could not be returned to Plaintiff's account.

40. These actions are in violation of 15 U.S.C. §§ 1693f and 1693g and 12 C.F.R. §§ 1005.6 and 1005.11.

41. As a direct and proximate result of Robinhood's violations of the EFTA and Regulation E, Plaintiff has sustained actual damages, plus such other damages as may be determined by the court. Plaintiff is entitled to recover actual damages, plus an additional sum of between $100 to $1000, the costs of the action, and a reasonable attorney's fee. 15 U.S.C. § 1693m.

42. As a direct and proximate result of Defendant's violations of EFTA and Regulation E, Plaintiff suffered compensable harm, including actual damages and emotional distress.

43. Robinhood did not make a good faith investigation of the fraud as they did not consider the fact that Plaintiff was at home at the time the unauthorized withdrawals were made and was with his debit card in his possession at all times.

44. Robinhood also apparently failed to review in its investigation the transaction history of Plaintiff's account for a reasonable period of time immediately preceding the allegation of error, the location of the transaction relative to Plaintiff's place of residence and habitual transaction area, and film from the security cameras at the bank where the unauthorized transactions took place.

45. Due to Robinhood's failure to make a good faith investigation of the fraud, Plaintiff is also entitled to recover treble damages under 15 U.S.C. § 1693f(e).

## SECOND CLAIM FOR RELIEF
(N.Y. Gen. Bus. Law § 349)

46. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

47. New York prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state. . . ." N.Y. Gen. Bus. Law § 349(a).

48. An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to

recover his actual damages or fifty dollars, whichever is greater, or both such actions." N.Y. Gen. Bus. Law § 349(h).

49. Robinhood violated § 349 of the New York General Business Law by using deceptive acts and practices in the conduct of its business.

50. Robinhood's violation includes, but is not limited to, representing to Plaintiff that Robinhood had performed a good-faith investigation of his fraud claim, when in fact Robinhood did not do so.

51. As a direct and proximate result of Defendant's violations of § 349 of the New York General Business Law, Plaintiff has sustained actual damages in an amount to be proved at trial and is also entitled to punitive damages, injunctive relief, costs and attorney's fees.

## THIRD CLAIM FOR RELIEF
(Breach of Duty of Good Faith and Fair Dealing)

52. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

53. Section 1-203 of New York State's Uniform Commercial Code imposes an obligation of good faith in the performance of any contract.

54. Furthermore, New York law provides that all contracts contain an implied covenant of good faith and fair dealing in the course of performance.

55. Robinhood breached this duty, and indeed acted in bad faith, by holding Plaintiff liable for the fraudulent withdrawals from his account.

56. As a result of Robinhood's breach of the duty of good faith and fair dealing, Plaintiff is entitled to damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

1. Enter judgment for Plaintiff on all causes of action;

2. Enter an injunction requiring Robinhood to comply with the Electronic Fund Transfer Act and Regulation E, and to train its employees accordingly;

3. Award actual, statutory, consequential, and punitive damages to Plaintiff;

4. Award reasonable attorney's fees and costs to Plaintiff; and

5. Award such other and further relief as may be just, equitable, and proper.

## Jury Demand

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated:   New York, New York
         November 1, 2022

                                        Respectfully submitted,
                                        Bromberg Law Office, P.C.

                                        By: /s/ *Brian L. Bromberg*
                                            Brian L. Bromberg
                                            Plaintiff's Attorney

11

<u>Attorney for Plaintiff:</u>
Brian L. Bromberg
Bromberg Law Office, P.C.
352 Rutland Road #1
Brooklyn, NY 11225
Tel: (212) 248-7906
Fax: (212) 248-7908
Email: brian@bromberglawoffice.com